Joyce Elaine Wilson VINEYARD,
Appellant,

v.

Larry Ray WILSON, Appellee.

No. 20179.

Court of Civil Appeals of Texas,
Dallas.

Feb. 27, 1980.

---

Scott M. Anderson, Anderson & Howell, Dallas, for appellant.

Randall Grubbs, Garland, for appellee.

Before AKIN, CARVER and HUM-PHREYS, JJ.

HUMPHREYS, Justice.

Joyce Elaine Wilson Vineyard appeals from an "Order to Modify in Suit Affecting the Parent-Child Relationship," allegedly based on an agreement between the parties. In that order she and Larry Ray Wilson, appellee, were named joint managing conservators of their child. She contends the judgment was error because the agreement between the parties did not comply with Tex.R.Civ.P. 11. We reverse and remand because even if there had been an agreement here, appellant repudiated her consent to that agreement prior to judgment. The judgment is also erroneous because it adds to the agreement alleged.

On August 1, 1978, a hearing was held on the motion to modify custody filed by appellee. The statement of facts does not reveal whether appellant or her attorney was present, but the order recites that she appeared in person only. Appellee was the only witness. He testified that he had entered into an agreement with appellant with regard to custody of the child and that the agreement was that both appellant and appellee would be named managing conservators. He further testified that he would have the child in the school year and she in the summer, that visitation on holidays had been agreed to, and that she would not have to pay child support. This is the only recitation of an agreement in the record.

After this testimony, the court stated "[m]anaging conservatorship will be changed." Appellee's attorney told the court that he would submit an order to be signed by all parties and attorneys. No order was signed by anyone, however, including the judge, until April 19, 1979. That order states that the parties reached an agreement on August 1, 1978, and sets out the various rights of parties concerning the custody of the child. These rights basically follow the agreement in the statement of facts of August 1, 1978, but is more specific. The dates and times are specified, and the Thanksgiving holiday is specifically dealt with. Two differences appear. The agreement of August 1, 1978, was that appellee would have the child two weeks out of the summer; the order gives appellant possession for only two months of the summer. Also, the agreement was that appellant would have the child for four days at Easter; the order grants this possessory right only every other year. Neither appellant nor her attorney signed the order.

Appellant contends that the agreement of August 1, 1978, will not support this order because it was not reduced to writing and signed by the parties and it was not entered of record pursuant to Tex.R.Civ.P. 11. We agree with appellant that the April 19, 1979, judgment is erroneous. Although the judge announced at the end of the August 1, 1978, proceeding that custody would be changed, he did not enter the judgment, as contemplated by Rule 11, until long after assent was withdrawn.

In this respect, it is undisputed that prior to the April 19, 1979, judgment, appellant had repudiated her consent to the agreement. This was made known to the trial judge in a habeas corpus proceeding on March 16, 1979, in which appellant testified that although she agreed to the terms of the agreement on August 1, 1978, she had changed her mind. This proceeding was in the same court and in the same cause, although another judge was sitting for the judge who heard the agreement on August 1978. A valid consent judgment cannot be rendered when the consent of one of the parties is missing. When the court has knowledge that consent of one of the parties is lacking, it cannot render judgment based upon that agreement; consent must exist at the very time the court undertakes to make the agreement the judgment of the court. *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288, 291 (1951); *Wilmer-Hutchins Independent School District v. Blackwell*, 529 S.W.2d 575, 577 (Tex.Civ.App.—Dallas 1975, writ dism'd); *Owen v. Finigan*, 381 S.W.2d 578, 579 (Tex.Civ.App.—Eastland 1964, writ ref'd n. r. e.). Since appellant's consent had been withdrawn prior to the rendition of the April 19, 1979, judgment, the judge lacked authority to render that judgment. Consequently, we hold that the judgment is erroneous because of lack of consent. *Burnaman v. Heaton*, 240 S.W.2d at 292.

Another reason exists for our reversal of this case. The judgment does not embody the exact terms of the August 1st agreement. In order for a consent judgment to be valid, the parties must have definitely agreed to all the terms of the agreement. Nothing should be left for the court to provide. *See Matthews v. Looney*, 123 S.W.2d 871, 873 (Tex.Comm'n App.1939, opinion adopted); *Wyss v. Bookman*, 235 S.W. 567, 569 (Tex.Comm'n App.1921, judgmt. adopted). The judgment here adds to the agreement by providing specific dates, and is different in some respects from the agreement. The agreement of August 1, 1978, was a broad, general agreement which cannot support the specific terms of the April 19, 1979, order.

Appellee contends that the court's April 19, 1979, judgment is supported by evidence, and the agreement is therefore immaterial. In support of this contention, he relies primarily on the evidence produced at the March 16, 1979, habeas corpus hearing. We cannot agree that the evidence at that hearing may be considered because the purpose of that hearing was to determine the last valid entered order with respect to custody. It was not a hearing to determine whether an agreement had been made in 1978. Furthermore, at that hearing appellant made clear her lack of consent to any agreement with respect to custody. Consequently, if the trial judge depended upon the testimony in the habeas corpus, he erred in so doing.

Appellee also contends that the evidence taken at the August 1, 1978, hearing is sufficient to support the judgment of April 19, 1979. We cannot agree. The only testimony on August 1, 1978, other than the vague terms of an agreement, was appellee's statement that circumstances had changed because the child had been living with him for several months and that it would be in the best interests of the child for him to be appointed managing conservator. This is not sufficient to support the judgment.

Reversed and remanded.