Michael George BICKERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–82–00096–CV.

Court of Appeals of Texas, Dallas.

Feb. 21, 1983.

J. Stephen Cooper, Dallas, for appellant.

Edward J. Drake, III, Dallas, for appellee.

Before GUITTARD, C.J., and CARVER and FISH, JJ.

CARVER, Justice.

Michael George Bickers appeals a summary judgment in favor of the State forfeiting his interest in a Mercedes automobile because it was used to transport contraband cocaine. We hold that a plea bargain made by Bickers in his criminal case, which bargain included a consent to the forfeiture of his car in this companion civil case, did not warrant a summary judgment for the State when Bickers contested the summary judgment with an affidavit that the car did *not* transport contraband cocaine.

The record reflects that Bickers was arrested on July 21, 1980, and charged in a criminal district court of the offense of transporting for delivery. This forfeiture proceeding under article 4476–15, § 5.03, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1982) was filed in a civil district court on July 31, 1980, in reliance on the facts of the criminal offense. Bickers initially answered the State's claim for forfeiture with an unverified general denial. The State filed a motion for judgment because the answer was not verified as required by the forfeiture statute. The trial court permitted Bickers to verify his answer and denied the State's motion for judgment. The State then filed its motion for summary judgment relying upon Bickers' "guilty" plea in the criminal case and a written plea bargain signed by Bickers, which tersely stated: "AGREEMENT *15 yrs + 1 day . CC with Fed. CASE Forfeiture of MERCEDES time to be served in Fed Pen CC with [remainder illegible]*." In accordance with this agreement, Bickers pled guilty to the lesser included offense under his indictment. Bickers contested the State's motion and filed three affidavits, including one of his own in which he swore that "it was not true, as alleged, I had used the car to transport cocaine for the purpose of delivering the cocaine to others." Nevertheless, the trial court held that it "had no jurisdiction to review or reverse the Criminal trial court's determination to accept the terms of the plea bargain agreement" of Bickers and the State. Accordingly, the court rendered summary judgment for the State.

On appeal Bickers argues both that the State's motion failed for want of *prima facie* proof that the car transported contraband cocaine and that, in any event, his affidavit denying that the car transported contraband cocaine created a fact issue pre-

cluding summary judgment. We agree with both arguments.

The State's summary judgment proof relied solely on the written plea bargain of Bickers in the criminal case and the judgment entered thereon. Neither the plea bargain nor the judgment evidences the transport of contraband cocaine in the Mercedes for delivery, but only Bickers' admission of, and adjudged guilt of, "Unlawful *Possession* of a Controlled Substance, to wit Cocaine, a Second Degree Felony" (emphasis added). We hold that this limited summary judgment proof offered by the State failed to establish the essential ground warranting forfeiture of the Mercedes, *i.e.,* its *transport* of contraband cocaine for delivery. Moreover, even if this proof could arguably be said to establish by inference that the Mercedes transported contraband cocaine, Bickers' sworn denial of the same fact in response to the State's motion for summary judgment raised a fact issue for trial and precludes a summary judgment. *Town North National Bank v. Broaddus,* 569 S.W.2d 489, 494 (Tex.1978); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970); *Rose v. Enterprise Co.,* 617 S.W.2d 737, 740 (Tex.Civ.App. Beaumont 1981, writ ref'd n.r.e.).

The State failed to respond to Bickers' summary judgment defense in the trial court but stood on its limited contention that the plea bargain in the criminal case overcame Bickers' defenses. The State has suggested by its brief and argument new grounds justifying the summary judgment; however, we hold that to allow new grounds for a summary judgment to be urged on appeal without notice and opportunity to respond being given to Bickers, and without the trial court having the opportunity to consider and rule on such grounds, would be contrary to the provision of Tex.R.Civ.P. 166–A(c) authorizing summary judgment "on the issues as expressly set out in the motion, or in an answer or any other response."

Apart from their lack of timely pleading, these new grounds lack merit as well. First, the State urges that the plea bargain should be taken as an admission by Bickers of the facts to support forfeiture. We cannot accept this argument because the plea bargain only admits Bickers' guilt of possession of contraband cocaine, not the transport thereof by either Bickers or the Mercedes. Next, the State argues that the plea bargain was a contract which the trial court rightfully enforced. We cannot accept this argument because the State did not by its pleading seek to enforce a contract, nor did it seek summary judgment on that ground. Additionally, the State argues that the plea bargain supported the entry of judgment as a "consent" or "agreed" judgment. We cannot accept this argument because it is evident that Bickers' consent did not exist, but was vigorously denied by his summary judgment response, at the very moment the judgment was entered. See *Vineyard v. Wilson,* 597 S.W.2d 21, 23 (Tex.Civ.App.—Dallas 1980, no writ). Lastly, the State urges that it is not fair for Bickers to make a plea bargain in the criminal case and enjoy its presumed advantages and, then, when the State seeks to enjoy its rightful advantage of the same bargain, to allow Bickers to renege on the forfeiture of the Mercedes in the civil case. We cannot agree with this argument because the forfeiture granted by the trial court is a statutory remedy provided only for transporting contraband cocaine, not for reneging on a contract, and this record contains no pleading or motion for summary judgment supporting a contractual recovery.

We hold that the State may not sustain its summary judgment forfeiting the Mercedes car on theories neither contained in its pleadings; nor urged in its motion to the trial court; nor upon which Bickers was not given notice and an opportunity to respond.

Reversed and remanded.