In the Matter of the **MARRIAGE
OF** Raymond K. **AMES** and
Nancy Jo Ames.

**No. 07–92–0139–CV.**

Court of Appeals of Texas,
Amarillo.

July 29, 1993.

Opinion Overruling Motion for
Rehearing Aug. 30, 1993.

Alan M. Glassman, Dallas, for appellant.

John J. Diggins, P.C. John J. Diggins, Victor L. Hanson, III, Dallas, for appellee.

Before REYNOLDS, C.J., and DODSON and POFF, JJ.

POFF, Justice.

Appellant Raymond K. Ames appeals from the trial court's final decree granting him and his wife Nancy Jo Ames a divorce. In four points of error, Raymond contends the trial court erred in (1) not recognizing his repudiation of the mediated settlement agreement; (2) entering the decree of divorce without any evidence to support it; (3) modifying the settlement agreement; and (4) overruling his motion for new trial. We note that Raymond initially argues the settlement agreement is invalid; however, anticipating we might not agree, he alternatively argues that the agreement is inviolable and the court erred in modifying the agreement. His second argument compels us to reverse the judgment and remand the cause to the trial court.

Raymond filed suit to divorce his wife Nancy, appellee. Nancy answered Raymond's petition and filed a counter-petition for divorce. The parties were ordered to mediation which resulted in a community property settlement agreement reached on June 5, 1991. Both parties and their respective attorneys signed the settlement agreement. The record reflects that on June 20, 1991, Raymond attempted to withdraw his consent to the settlement agreement by means of a letter from his attorney to Nancy's attorney. On August 20, 1991, Nancy filed a "Motion For Entry of Decree of Divorce" based on the June 5 settlement agreement. On November 27, 1991, the trial court entered a decree of divorce.

In the first of four points of error, Raymond contends that the trial court erred in entering its decree of divorce on the basis of the settlement agreement because he had repudiated the agreement. We disagree. In its order of mediation, the trial court stated that "[t]his case is appropriate for mediation pursuant to Tex.Civ.Prac. & Rem.Code §§ 154.001 *et seq.*" Chapter 154 of the Texas Civil Practice and Remedies Code is entitled "Alternative Dispute Resolution Procedures." Section 154.071(a) states:

> If the parties reach a settlement and execute a written agreement disposing of the dispute, the agreement is enforceable in the same manner as any other written contract.

Tex.Civ.Prac. & Rem.Code Ann. § 154.071(a) (Vernon Supp.1993). We interpret this statute to mean, *inter alia,* that a party who has reached a settlement agreement disposing of a dispute through alternative dispute resolution procedures may not unilaterally repudiate the agreement.

While parties may be compelled by a court to participate in mediation, Tex.Civ. Prac. & Rem.Code §§ 154.021, 154.023 (Vernon Supp.1993), "[a] mediator may not impose his own judgment on the issues for that of the parties." Tex.Civ.Prac. & Rem.Code § 154.023(b) (Vernon Supp.1993). Put another way, a court can compel disputants to sit down with each other but it cannot force them to peaceably resolve their differences. *Decker v. Lindsay,* 824 S.W.2d 247, 250 (Tex.

App.—Houston [1st Dist.] 1992, no writ). The job of a mediator is simply to facilitate communication between parties and thereby encourage reconciliation, settlement and understanding among them. Tex.Civ.Prac. & Rem.Code Ann. § 154.023(a). Hopefully, mediation will assist the parties in reaching a voluntary agreement that will serve to resolve their dispute and avoid the need for traditional litigation.

■ If voluntary agreements reached through mediation were non-binding, many positive efforts to amicably settle differences would be for naught. If parties were free to repudiate their agreements, disputes would not be finally resolved and traditional litigation would recur. In order to effect the purposes of mediation and other alternative dispute resolution mechanisms, settlement agreements must be treated with the same dignity and respect accorded other contracts reached after arm's length negotiations. Again, no party to a dispute can be forced to settle the conflict outside of court; but if a voluntary agreement that disposes of the dispute is reached, the parties should be required to honor the agreement.[1]

■ Raymond argues strenuously, however, that section 154.071(a) does not apply in this case. Raymond maintains that section 154.071(a) conflicts with Tex.Fam.Code Ann. § 3.631(a) (Vernon 1993), and that the Family Code provision is controlling.

Section 3.631(a) states:

To promote amicable settlement of disputes on the divorce or annulment of a marriage, the parties may enter into a written agreement concerning the division of all property and liabilities of the parties and maintenance of either of them. The agreement may be revised or repudiated prior to rendition of the divorce or annulment unless it is binding under some other rule of law.

Raymond contends that section 3.631(a) controls over section 154.071(a) of the Texas

Civil Practice and Remedies Code because section 3.631(a) deals with an agreement incident to divorce while section 154.071(a) concerns agreements in general. Raymond cites the well known rule that a specific statute should control over a general statute and thus concludes that section 3.631(a) is controlling.

We are not convinced, however, that the two statutes are in conflict. Even though section 3.631(a) is the more specific statute in this case, the Family Code provision expressly states that an agreement may be repudiated prior to rendition of the divorce "*unless it is binding under some other rule of law.*" Pursuant to section 154.071(a) of the Practice and Remedies Code, the settlement agreement is binding. Raymond could not unilaterally repudiate the agreement. The trial court was empowered to consider the settlement agreement. Point of error one is overruled.

■ In his third point of error, Raymond, in the alternative, argues that if the agreement was not repudiated, the trial court erred in dividing the community property because the court's division differed significantly from the settlement agreement. Nancy contends that this argument is not properly before us because Raymond did not prepare and submit a proposed judgment to the court for signature as he was entitled to do under Tex.R.Civ.P. 305. While it is true that Raymond did not submit a proposed judgment, this does not preclude him from challenging the judgment entered by the court.

■ We agree with Raymond that there are several provisions of the divorce decree that are not found in the settlement agreement. First, while the settlement agreement is silent as to income tax liabilities, the divorce decree requires Raymond to pay all income tax liabilities of the parties through December 31, 1990. Second, the settlement agreement recites that Raymond will execute a $320,000 promissory note to Nancy; the

---

1. We are aware of the cases in which it has been held that a valid consent judgment cannot be rendered unless consent exists at the time the court undertakes to make the agreement the judgment of the court. *Vineyard v. Wilson,* 597 S.W.2d 21, 23 (Tex.Civ.App.—Dallas 1980, no

writ); *Burnaman v. Heaton,* 150 Tex. 333, 338–39, 240 S.W.2d 288, 291 (1951). These cases are inapplicable to agreements reached pursuant to alternative dispute resolution procedures described in chapter 154 of the Texas Civil Practice and Remedies Code.

divorce decree orders Raymond to execute the note and also orders him to pay a $320,000 money judgment. Third, the settlement agreement states that the stock of Raymond's company (Ridgmont Construction) is to be pledged as collateral for the promissory note if it will not impair Ridgmont's bonding capacity; the divorce decree contains no such conditional language.

■ Nancy contends that the divorce decree is "sufficiently representative of the agreement reached by the parties" to be upheld on appeal. We disagree. In *Vineyard v. Wilson*, 597 S.W.2d 21, 23 (Tex.Civ. App.—Dallas 1980, no writ), the court invalidated a judgment that did not embody the exact terms of the agreement on which it was based. "In order for a consent judgment to be valid, the parties must have definitely agreed to all the terms of the agreement. Nothing should be left for the court to provide." *Id.* In a judgment by consent, "the court has no power to supply terms, provisions, or essential details not previously agreed to by the parties." *Matthew v. Looney*, 132 Tex. 313, 317, 123 S.W.2d 871, 872 (1939). In fact, the court must accept the express terms of the agreement as binding "unless it finds that the agreement is not just and right." Tex.Fam.Code Ann. § 3.631(b) (Vernon 1993). The trial court made no such finding in this case. Therefore, the court was bound to accept the agreement. Because the trial court added terms to its decree of divorce that were not in the settlement agreement, the divorce decree cannot be allowed to stand. Point of error three is sustained.

■ In his second point of error, Raymond contends that the trial court erred in entering the decree of divorce because there is no evidence to support the decree. Clearly, the settlement agreement provides no evidence of the above-mentioned additional provisions of the decree. We also note that, contrary to the recitations in the decree of divorce, the parties never appeared before the trial judge at a hearing.[2] The only evidence before the trial court was the settlement agreement.

The record contains no evidence to support the court's modification of the agreement. The judgment and decree are therefore not supported by the evidence. Point of error two is sustained.

In his fourth point of error, Raymond contends that the trial court erred in refusing to grant his motion for new trial. We sustain this point of error. Inasmuch as one of the bases for a new trial was that "there are many provisions in the Decree of Divorce signed by the Court on November 27, 1991, contrary to or beyond the scope of, the agreement signed by the parties at the conclusion of the Mediation," a new trial should have been granted.

The judgment of the trial court is reversed and the cause is remanded to that court for proceedings not inconsistent with this opinion.

## ON MOTION FOR REHEARING

■ In her motion for rehearing, Nancy Jo Ames, appellee, concedes that the trial court's division of community property contains terms and provisions that are not found in the settlement agreement. Nancy now agrees with our conclusion that the court's judgment should have embodied the exact terms of the settlement agreement, said agreement being the only evidence before the court. However, Nancy contends that we erred in reversing the judgment of the trial court and remanding the cause to the trial court. In Nancy's view, we should have modified the trial court's judgment and then affirmed the judgment as modified. For the reasons expressed below, we disagree.

In support of her argument, Nancy cites the recent case of *McLendon v. McLendon*, 847 S.W.2d 601 (Tex.App.—Dallas 1992, writ denied). In *McLendon*, the trial court issued a written decree of divorce based on a couple's oral settlement agreement dictated on the record in open court. The terms of the settlement agreement were presented to the court through the sworn testimony of both spouses. The court orally granted the di-

---

**2.** We have no statement of facts from any such hearing and Raymond charges in his brief that no hearing was held. Nancy does not contend otherwise. Pursuant to Tex.R.App.P. 74(f), we accept as correct Raymond's charge that no hearing was held.

vorce, approved the stipulations read into the record, and adopted the stipulations as the court's rendition of judgment. Approximately six months later, the court signed a final decree of divorce. On appeal, the husband contended that the trial court had erred in signing its decree of divorce because the decree contained additional and different terms supplied by the court to which the parties had not agreed.

The Dallas Court of Appeals found no error. Rather, the court found a "clerical variance" between the judgment announced in open court and the judgment eventually signed by the trial judge. *Id.* at 610. The discrepancies between the written judgment and the oral judgment were nothing more than clerical errors that were subject to modification. *Id.* Accordingly, the appellate court modified the trial court's written decree of divorce to reflect the true agreement of the parties reached in open court.

On the strength of *McLendon,* Nancy would have us modify the decree of divorce in this case to reflect only those provisions found in the settlement agreement. This we cannot do. Unlike *McLendon,* this is not a case in which there exists a clerical variance between an oral judgment and the reduction of that judgment to writing. Rather, we are confronted with a decree of divorce that contains terms and provisions that were never agreed to by the parties. A trial court has no power to supply such terms and conditions. *Matthews v. Looney,* 132 Tex. 313, 317, 123 S.W.2d 871, 872 (1939). A final judgment founded upon a settlement agreement must be in strict compliance with the agreement. *Vickrey v. American Youth Camps, Inc.,* 532 S.W.2d 292, 292 (Tex.1976).

Therefore, the motion for rehearing is overruled.