In the Matter of the MARRIAGE OF Lance McINTOSH and Carol Deanne McIntosh and in the Interest of Colin Graham McIntosh and McKenzie Paige McIntosh, Minor Children, Appellant.

No. 07–95–0372–CV.

Court of Appeals of Texas, Amarillo.

March 8, 1996.

88

Law Offices of Jack Stoffregen, Lubbock (Jack Stoffregen), for appellant.

Law Offices of David Lanehart, Lubbock (David Lanehart), for appellee.

Before DODSON, BOYD and QUINN, JJ.

QUINN, Justice.

Lance McIntosh (LM) appeals from a final divorce decree signed on July 7, 1995. Through one point of error, he contends that the trial court erred in denying his motion to enforce and adopt an agreement allegedly struck with his wife, Carol McIntosh (CM) during mediation. We disagree, overrule the point, and affirm.

The "agreement" at issue arose from a mediation proceeding conducted by the South Plains Dispute Resolution Center (the Center) on January 24, 1995. Because neither party had their counsel present, the mediator included the following language immediately above the parties' signatures:

The parties agree to take the agreement *to their respective attorneys to review* and to meet w/in ten days at the [Center] to *finalize* the agreement.

(Emphasis added).

On January 25, 1995, the Center's case coordinator mailed the document to Jack Stoffregen (LM's attorney) and David Lanehart (CM's attorney). Enclosed in each mailing was a letter which identified the document as "an agreement which was developed by your clients" and further read that though it

... is not binding. It will, however, be deemed accepted unless we are notified within ten ... calendar days that another mediation is necessary to address unacceptable terms.

If we are not contacted to schedule another mediation, the court will be notified that a [sic] agreement has been consummated.

Fifteen days lapsed before counsel for CM notified the Center "that after consulting with my client ... she has decided not to accept the agreement...." Opposing counsel was also sent a copy of the correspondence. As a result of this rejection, the Center caused to be filed, on March 14, 1995, with the court a "Final ... Mediation Status Report" containing the "Comment: No agreement mediated. Closed 3/9/95."

Nevertheless, three weeks later, LM filed the motion underlying this appeal. At hearing, the trial court granted the parties leave to address the motion but later ruled that it did not think it could enforce the "agreement."

■ Whether the court erred in refusing to enforce the mediated agreement, for the most part, depends upon whether the agreement was actually a binding agreement. The trial judge apparently concluded that it was not. Moreover, neither the evidence nor legal authority indicate that it erred in reaching that conclusion.

■ Simply put, before an agreement becomes binding and enforceable there must be an offer and acceptance. *Williford Energy Co. v. Submergible Cable Serv., Inc.,* 895 S.W.2d 379, 384 (Tex.App.—Amarillo 1994, no writ). What we have here are uncounseled, preliminary offers or proposals, the acceptance of which were conditioned upon review by legal counsel and later finalization. Though counsel apparently reviewed same, the parties never reconvened at the Center to finalize them. Instead, one party rejected them before the conditions were performed. Thus, nothing remained for anyone to accept or the court to enforce.

Furthermore, the present circumstances do not liken to those in *In the Matter of Marriage of Ames,* 860 S.W.2d 590 (Tex. App.—Amarillo 1993, no writ). There, the existence of a binding agreement was presupposed. Indeed, both parties and their counsel had consented or accepted the agreement before one unilaterally attempted to reject it.

Nor do we find this court's decision in *In the Matter of Marriage of Helm,* No. 07–94–0294–CV (Tex.App.—Amarillo March 27,

1995, no writ) controlling for the simple fact that it was never published. Being unpublished it cannot be used as authority. *Tex. R.App.P.* 90(i). Had it been, however, we would have read it as supporting the outcome we now reach.

 Nor is the case coordinator's January 25th letter of moment. Mediator's cannot compel the parties to resolve their differences. *In the Matter of Marriage of Ames,* 860 S.W.2d at 591. They similarly lack the power to alter the agreement, if any, reached by the parties or to unilaterally interject their own terms into that agreement. Since neither LM nor CM had agreed to interpret silence for ten days as assent, neither the Center nor its case coordinator could write that into their proposal. Indeed, not even the trial court could so modify the document without the consent of the parties, *see Padilla v. LaFrance,* 907 S.W.2d 454, 461 (Tex. 1995) (holding that the court has no power to enter a consent judgment to which a party does not consent), and the record fails to disclose that they so consented.

Accordingly, we affirm the judgment signed below.