**In the Interest of J.A.W.–N., A Minor Child.**

**No. 13–01–658–CV.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Nov. 7, 2002.

W.J. Sames, Corpus Christi, for appellant.

William A. Dudley, Corpus Christi, for appellee.

Before Chief Justice VALDEZ and Justices DORSEY and RODRIGUEZ.

**OPINION**

Opinion by Justice RODRIGUEZ.

This is an appeal from an order granting a motion to modify the terms of an order in a suit affecting the parent-child relationship (SAPCR). By four issues, appellant, the father of the minor child, contends the trial court erred in entering a modification order because the agreement upon which it was based: (1) was not made pursuant to statute; (2) was not proved up as a contract; (3) involved disputed matters that do not fall within the statute; and (4) was vague, contradictory, ambiguous, inherently incomplete, and incompatible with the order. By his fifth issue, appellant complains of the award of attorney's fees. We affirm the judgment of the trial court.

## I. Background

The original agreed order in this SAPCR proceeding set out the terms and conditions of matters involving the minor child, including but not limited to, parentage, possession of or access to the child, and child support. Disagreements related to certain terms and conditions of the order arose, and appellant and appellee, the mother of the minor child, agreed to attend a meeting with a third-party mediator to discuss their concerns.

Following the meeting, appellant and appellee entered into an agreement titled "Mediated Settlement Agreement" that modified the terms of support, as well as possession of and access to their child. The agreement was signed by appellant, appellee, their respective attorneys, and the mediator, and was initialed on each page. Furthermore, in the middle of the title page, the agreement recited in bold-face type and with underlining:

> that, pursuant to § 153.0071(d) of the Texas Family Code, by their signatures hereto, this agreement shall be binding on the parties and shall not be subject to revocation and they shall be entitled to a judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or any other rule of law.

*See* TEX. FAM.CODE ANN. § 153.0071(d) (Vernon 2002). The parties also agreed that the exhibit attached to the document set forth the agreements between them.

When appellant refused to sign an agreed order to modify the terms of the relationship, appellee filed a motion for judgment. In response, appellant filed a general denial and special denials challenging the adequacy of the pleadings and the validity of the agreement. Appellant also repudiated the agreement.

Both parties appeared at the hearing on appellee's motion for judgment. Appellant's counsel presented arguments to the court. No evidence was offered by either party. However, appellant conceded, through counsel, that he voluntarily attended the meeting that resulted in the agreement. The court also took judicial notice of its file which contained the parties' written agreement and the proposed order. At the conclusion of the hearing, the trial court signed a written order on the agreement. Appellant appeals from this order.

## II. Mediation Agreement

■ By his first issue, appellant contends the agreement that forms the basis of the modification order is not a statutory mediation agreement because the court did not refer the parties to mediation, either on the written agreement of the parties or

on the court's own motion. *See* TEX. FAMILY CODE § 153.0071(c) (Vernon 2002). Section 153.0071(c) of the Texas Family Code provides "[o]n the written agreement of the parties or on the court's own motion, the court may refer a suit affecting the parent-child relationship to mediation." *Id.* Nothing in section 153.0071(c) requires, nor should be construed to require, a written request or a written order of referral based on the request of the parties or the court's own motion as a prerequisite to parties agreeing to mediate their differences and reducing that agreement to writing. Such a requirement would have a chilling effect on the mediation process. Moreover, appellant has directed us to no authority, and we find none, that precludes parties from agreeing to mediate without involving the court in making that decision.

▇ What is required, however, to bring the mediation agreement within the statute and to make it binding on the parties is set out in section 153.0071(d). Subsection d provides:

A mediated settlement agreement is binding on the parties if the agreement:

(1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation;

(2) is signed by each party to the agreement; and

(3) is signed by the party's attorney, if any, who is present at the time the agreement is signed.

*Id.* § 153.0071(d).

In this case, appellant and appellee, both represented by counsel, agreed to mediate the matters in dispute. Furthermore, the agreement states, on its face, that it was made pursuant to section 153.0071(d) of the Texas Family Code, and in all respects complied with that provision. *See id.* The statement regarding revocation was on the title page, and in boldface and underlined. *See id.* The plain language of this section of the agreement indicates the parties intended their agreement to be final. The agreement was executed by appellant, appellee and their respective attorneys, who were present at mediation. *See id.* Appellee took the affirmative steps necessary to qualify for section 153.0071 treatment, and is entitled to judgment on that agreement. *See* TEX. FAM.CODE § 153.0071(e) (Vernon 2002); *see also Alvarez v. Reiser,* 958 S.W.2d 232, 234 (Tex.App.-Eastland 1997, pet. denied) (section 153.0071(e) requires trial court to enter judgment on mediated settlement that meets requirements of subsection (d)). Appellant's first issue is overruled.

By his second issue, appellant argues that because the agreement was a non-statutory agreement, it must have been presented and proven as a contract in order to be reduced to a judgment. However, having already concluded the agreement satisfied the requirements of section 153.0071(d) of the family code, contract law does not apply in this instance. *See* TEX. FAM.CODE § 153.0071(e) (if mediated settlement agreement meets requirements of subsection (d), "party is entitled to judgment on the mediated settlement agreement notwithstanding rule 11, civil procedure rules, or another rule of law"). We overrule appellant's second issue.

## II. Terms of Agreement

By his third issue, appellant contends the agreement is not compatible with the order, and is so vague, contradictory, ambiguous and inherently incomplete that it should not be enforceable by judgment. In support of his contention, appellant relies on *In re Marriage of Ames,* 860 S.W.2d 590, 591–93 (Tex.App.-Amarillo 1993, no pet.).

In *Ames,* the parties, Raymond and Nancy, were ordered to mediate their divorce action. *Id.* at 591. A settlement agreement regarding the division of community was reached, and, although Raymond attempted to withdraw his consent, the trial court entered a decree of divorce based on that agreement. *Id.* On appeal, Raymond argued "if the agreement was not repudiated, the trial court erred in dividing the community property because the court's division differed significantly from the settlement agreement." *Id.* at 592. Raymond urged the following terms were not in the agreement: (1) that he was to pay all income tax liabilities for both parties through December 31, 1990; (2) that he was not only to execute a $320,000.00 promissory to Nancy, but was also to pay a $320,000.00 money judgment; and (3) that he was to pledge company stock as collateral for the promissory note. *Id.* at 592–93. Finding the trial court added terms to the decree of divorce that were not in the settlement agreement, the appellate court concluded the decree could not be allowed to stand. *Id.* at 593.

In this instance, appellant complains that the agreement should not be enforceable because the phrase "expanded standard visitation" used in the agreement[1] is not explained or defined in any document. However, comparing the original order establishing the parent-child relationship with the modified order, it is clear appellant's visitation time on Wednesdays was expanded from 6:00 p.m. to 8:00 p.m. Thus, "expanded standard visitation" time is explained in the order. Moreover, appellant does not complain that this provision was added incorrectly.

Appellant also contends that the agreed exchange of the child at the visitation center is contradicted in the order. We do not find a contradiction. It is clear that exchanges of the child are to be at the visitation center to minimize contact between the parents, except for Wednesday visitations during the school year when the child is to be picked up at school. The fact that the order reflects some Wednesday exchanges will take place at school rather than at the visitation center is not a contradiction, but rather common sense.

Additionally, appellant complains that the agreement does not explain or define "due time, of notice of inability to exercise possession." This phrase is not included in the mediated agreement as appellant suggests. Nonetheless, it is clear from our reading of the entire modified order that the required notice of inability to exercise possession is outlined in sufficient detail. Moreover, again, appellant does not complain that the notice provisions in the modified order were incorrect.

Further, appellant asserts that the amount of the total monthly support is not specific and definite, and should not be enforceable by judgment. He complains that the agreement could be interpreted as a monthly support payment of $500.00, whereas the order reflects a $550.00 monthly payment. We find no such uncertainty. The agreement specifically provides for child support in the amount of $500.00 per month beginning June 1, 2001, plus a $50.00 monthly payment to be applied to the agreed arrearage balance of $2,300.00, both collectable by a wage withholding order.

Without further explanation, appellant also contends the alleged agreement regarding the dependency deduction for tax purposes is vague and uncertain. The agreement provides "[the mother] will give the dependency exemption to [the father] on an annual basis and sign necessary

---

1. The agreement provides "father to have expanded standard visitation order."

forms to do so, so long as the exemption loss is not financially beneficial to [the mother]." We cannot conclude this term is vague and uncertain. Furthermore, correctly reflecting the agreement, the court ordered that the mother "shall give the dependency claim of the minor child ... to [the father] each year, and shall execute the necessary Internal Revenue Form regarding same, so long as the loss of the dependency exemption does not harm [the mother] financially. If [the mother] is able to benefit by using the minor child ... as a dependent, then the tax exemption for the child shall belong to [the mother]."

Appellant also complains that the mutual injunction is not properly phrased in the order to accurately reflect what might have been the intention of the parties. By written agreement, the parties agreed to a "joint mutual injunction prohibiting all contact between parties except for emergencies involving [the] child." The trial court "ORDERED that [the mother and father] [are] enjoined from: All contact with each other except for emergencies involving the minor child...." We find nothing in the record to support any other intent of the parties.

Finally, appellant contends the agreement is incomplete because it does not address unresolved disputes, or disputes that may have been resolved and barred from further litigation. Appellant provides us with no authority, and we find none, to support this contention. Nonetheless, the parties' written agreement did identify what issues were resolved. Nothing in the agreement itself reserved any issue then pending between the parties, or barred litigation of resolved issues. Furthermore, the order denied all other relief pleaded by either party that was not recited therein. We cannot conclude that the agreement is so vague, contradictory, ambiguous and inherently incomplete that it

should not be enforceable by judgment. Neither can we conclude that the agreement is incompatible with the order. The court's judgement did not differ significantly, if at all, from the agreement. *See Ames*, 860 S.W.2d at 591–93. Moreover, if there are any issues related to conservatorship, support, or possession of and access to his child that need to be revisited, appellant's remedy would be further modification or clarification of his rights, incident to the trial court's continuing jurisdiction, not a finding of trial court error on appeal. *See* Tex. Fam.Code Ann. § 156.101 (Vernon 2002). Accordingly, we overrule appellant's third issue.

### III. Applicability of Statute

By his fourth issue, appellant contends section 153.0071 applies only to suits, and, therefore, does not apply to this post-suit dispute. Appellant is relying on the language of section 153.007(c) which provides "[o]n written agreement of the parties or on the court's own motion, the court may refer a *suit* affecting the parent-child relationship to mediation." *See* Tex. Fam.Code Ann. § 153.0071(c) (Vernon Supp.2002) (emphasis added). Without interpreting this language, we have already determined that, under the facts of this case, the parties agreed to mediate without court intervention and came within the statute by satisfying the elements of section 153.0071(d). Thus, section 153.0071 applies in this instance. Appellant's fourth issue is overruled.

### IV. Attorney's Fees and Expenses

By his fifth issue, appellant complains of an order requiring appellant to deposit $5,000.00 into the registry of the court pending this appeal. *See* Tex. Fam.Code. Ann. § 109.001 (Vernon 2002). Having reviewed the record, however, we find no such order. Therefore, appellant's argu-

ments related to the payment of these attorney's fees are waived. The fifth issue is overruled.

### V. Conclusion

Accordingly, the judgment of the trial court is affirmed.