In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00100-CR


______________________________




CHRISTOPHER LEE BAKER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 33381-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Christopher Lee Baker appeals from his conviction by a jury for possession of a controlled
substance, cocaine, between one and four grams. The jury assessed his punishment at ten years'
imprisonment. On appeal, he contends the evidence is legally and factually insufficient to support
his conviction. We affirm the judgment of the trial court. 

 Officer Dan Neal was sent to a residence in connection with a disturbance at a particular
apartment. When he arrived, he saw Baker knocking on its door. Neal asked him why, and in
response Baker told him he was trying to get a ride to Gladewater from someone named Brian. (1) 
Baker was knocking on a door of an apartment occupied by John Montana, who did not know him. 
The officer described Baker's behavior as odd, and stated that he had interacted with Baker before
and that his speech on this occasion was not normal, to the extent the officer believed that Baker was
under the influence of some type of narcotic. Neal requested to search Baker, and he consented. 
Neal found a lighter on Baker's person, but nothing else. 

 At some point, Baker was arrested and two bags in his possession were searched. Inside the
bags, Neal found an alcohol prep pad, three syringes, a lighter, a bottle of butane refill lighter fluid,
and two vials containing liquid. Neal testified he conducted a field test and concluded one vial
contained methamphetamine. At the time, he thought the liquid would weigh less than a gram, but
it appears that was the officer's estimate. (2) The liquid in the vial was ultimately tested by a chemist,
who testified that it was a suspension of cocaine weighing 2.47 grams. (3) 

 In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000).

 In a factual sufficiency review, we review all the evidence, but do so in a neutral light and
determine whether the evidence supporting the verdict is so weak or is so outweighed by the great
weight and preponderance of the evidence that the jury's verdict is clearly wrong or manifestly
unjust. Roberts v. State, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007); Marshall v. State, 210
S.W.3d 618, 625 (Tex. Crim. App. 2006); Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim.
App. 2006). 

 In a factual sufficiency review, we are to afford "due deference" to a jury's determinations. 
Marshall, 210 S.W.3d at 625. "Although an appellate court reviewing factual sufficiency has the
ability to second-guess the jury to a limited degree, the review should still be deferential, with a high
level of skepticism about the jury's verdict required before a reversal can occur." Roberts v. State,
220 S.W.3d 521 (Tex. Crim. App. 2007). The difference between the two standards is that the
former requires the reviewing court to defer to the jury's credibility and weight determinations while
the latter permits the reviewing court to substitute its judgment for the jury's on these questions
"albeit to a very limited degree." Marshall, 210 S.W.3d at 625.

 Baker argues that the evidence is legally and factually insufficient because of the discrepancy
between what Neal originally thought the substance was (methamphetamine of less than one gram)
and the chemist's determination that the substance contained 2.47 grams of cocaine. There is no
challenge to the chain of custody of the evidence. 

 First, there is no evidence that Neal's testimony concerning the amount of the substance was
anything other than an estimate. As to the identity of the substance, the chemist testified that she
detected a small trace of methamphetamine in the vial, but since it was such a small amount
compared to the cocaine, she did not do a complete analysis to identify the methamphetamine. There
was evidence, which if believed by the jury, would place Baker in possession of a bag which
contained a vial containing cocaine in an amount of between one and four grams. While counsel
brought to the jury's attention the possible conflicts in the testimony of the officer and the chemist,
ultimately the credibility of the witness--the witness' believability--is a matter within the purview
of the jury to determine. The state of the evidence does not allow us to conclude the jury's verdict
is clearly wrong or manifestly unjust. 

 The evidence is legally and factually sufficient to support the verdict.

 We affirm the judgment of the trial court.



 Jack Carter

 Justice


Date Submitted: June 30, 2008

Date Decided: July 1, 2008


Do Not Publish


1. The identity or location of Brian was never determined.
2. Neal testified he thought the substance was "approximately under one gram."
3. The testing occurred in July 2005, and the trial was in June 2007. When the chemist
examined the vial at the trial, she testified that the liquid had evaporated.


lse" Name="Colorful List Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00089-CV

                                                ______________________________

 

 

 

                             IN THE MATTER OF THE
MARRIAGE OF

KANDY HILL HALLMAN AND

CHARLES DAVID HALLMAN

 

 

                                                                                                  


 

 

                                      On Appeal from the 402nd
Judicial District Court

                                                             Wood County, Texas

                                                          Trial Court
No. 2008-428

 

                                                        
                                          

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

I.          Introduction

            Kandy
Hill Hallman and Charles David Hallman entered into a Rule 11 agreement on
August 26, 2008, after Kandy filed a petition for divorce the preceding
month.  Because certain contested matters
remained unresolved, a divorce hearing took place on August 14, 2009, and a
final decree of divorce was signed and entered on September 16, 2009. 

            David
appeals the final decree of divorce and contends the trial court erred by (1)
failing to enforce the Rule 11 agreement only on the specific terms stated
therein; and (2) including terms and conditions in its final judgment not
present in the Rule 11 agreement, after Kandy revoked consent and refused to
enter an agreed final decree of divorce. 


            We
affirm the judgment of the trial court because (1) the Rule 11 agreement was
not modified and was a valid and binding contract; and (2) the trial court had
sufficient evidence upon which to exercise its discretion in entering judgment
on arrearages in temporary support, in allocating the parties debt, and in
awarding spousal maintenance.  The court
did not err in its application of that discretion.

II.        Factual and Procedural
Background

            On July 15, 2008,
Kandy filed for divorce from David. 
After having discussed matters between themselves, Kandy and David
reached an agreement on property division and temporary support.[1]
 Kandys attorney drafted a Rule 11 agreement
which embodied the parties oral agreement. 
The agreement was signed and filed among the papers of record.[2]  Later, after additional negotiations, Kandy
and David signed an agreed final decree of divorce to be submitted for approval
upon obtaining the divorce.[3]  At the time he signed the proposed final
decree, David was working as an oil field consultant and was earning in excess
of $100,000.00 per year.  When David lost
his job, he notified Kandy of that fact and that as a result, he would not be
able to fulfill the obligations set forth in the proposed final decree of
divorce.  Consequently, the agreed final
decree was never submitted to the court. 
Instead, a final contested hearing was scheduled.  

            At
the hearing, Kandy testified that she wanted the terms of the Rule 11 agreement
enforced.  The agreement divided the
parties real and personal property and provided for temporary support for
Kandy in the amount of $4,000.00 per month from August 1, 2008, and the first
day of each month thereafter until entry of the final decree.  At the time of the hearing, Kandy had received
only $15,100.00 in temporary support payments. 

            There
is no indication in the record that either party revoked the Rule 11 agreement.  David testified that he could not fulfill the
terms as set out in the proposed final decree and that he was currently working
in Louisiana making approximately one-seventh the amount of money he made at
the time he signed that document.  Kandy
testified that she did not pursue the proposed agreed decree because David
represented that he could not fulfill its terms.  

            During
the course of the marriage, David did not file any income tax returns and as a
result, the community owed a debt of back taxes to the IRS of $123,000.00.[4]   Kandy
was unaware of the amount of the debt, and presumably was not aware of it at
the time she entered into the Rule 11 agreement.  Provision for the payment of this debt was
not included in the Rule 11 agreement.  The
issue of spousal maintenance was likewise not addressed in the agreement.  

            After
a contested hearing,[5]
the trial court enforced the Rule 11 agreement as a contract and incorporated
the agreement into the final decree of divorce.[6]  The final decree also (1) awarded judgment
against David for an arrearage of temporary spousal support in the amount of
$36,900.00; (2) awarded judgment against David for spousal maintenance in the
amount of $36,000.00, to be paid at a rate of $1,000.00 per month; and (3)
ordered Kandy to pay twenty percent and David to pay eighty percent of the IRS
debt. 

III.       Enforcement of the Rule 11 Agreement

            In
his first appellate point, David contends the trial court erred as a matter of
law in failing to enforce the Rule 11 agreement only on the specific terms
stated in the agreement.  The law of
contracts applies to Rule 11 agreements. 
Padilla v. LaFrance, 907
S.W.2d 454, 460 (Tex. 1995); Batjet, Inc.
v. Jackson, 161 S.W.3d 242, 246 (Tex. App.Texarkana 2005, no pet.).  The decision of the trial court to enforce a
Rule 11 agreement as a contract is subject to the abuse of discretion standard
of review.  See Staley
v. Herblin, 188 S.W.3d 334, 336
(Tex. App.Dallas 2006, pet. denied).  A
trial judge has no discretion in determining what the law is or in applying the
law to the facts.  Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992); Brown v. Vann, 167 S.W.3d 627, 630 (Tex.
App.Dallas 2005, no pet.).  A failure
to analyze or apply the law correctly will constitute an abuse of
discretion.  Brown, 167 S.W.3d at 630.

            David
initially takes the position that the Rule 11 agreement is valid as the facts
show the parties intended to enter into a binding contract.  He claims, however, that the trial court
exceeded the terms of the Rule 11 agreement by finding an enforceable final
settlement agreement while making additional awards to Kandy.  David contends that in so doing, the trial
court entered a judgment which was manifestly wrong and unjust. 

            We
first determine whether the trial court abused its discretion in determining
the existence of a valid Rule 11 agreement, enforceable as a contract.

            Rule 11 of the Texas
Rules of Civil Procedure provides as follows:

Unless
otherwise provided in these rules, no agreement between attorneys or parties
touching any suit pending will be enforced unless it be in writing, signed and
filed with the papers as part of the record, or unless it be made in open court
and entered of record.

  

Tex. R. Civ. P. 11.

            A
settlement agreement must comply with Rule 11 to be enforceable.  Knapp
Med. Ctr. v. De La Garza, 238 S.W.3d 767, 769 (Tex. 2007).  A settlement agreement satisfies the requirements
of Rule 11 if it is (1) in writing, (2) signed, and (3) filed with the court or
entered in open court prior to a party seeking enforcement.  Padilla,
907 S.W.2d at 461.

            In
the present case, the record contains a written agreement styled Rule 11 Agreement,
signed by Kandy and David, which was filed with the court on August 29, 2008.  The existence of the Rule 11 agreement is not
contested, and there is no indication in the record that the agreement was
modified or revoked.[7]
 We find no abuse of discretion on the
part of the trial court in concluding Kandy and David entered into a valid and
binding Rule 11 agreement, enforceable as a contract.  

            Next,
we determine whether the trial court abused its discretion by including provisions
in the final decree of divorce which were not included in the Rule 11 agreement.

IV.       Variance in Agreement and Decree

            David
couches his argument on this issue in terms of sufficiency of the
evidence.  This is a nonjury trial in
which there was no request for findings of fact and conclusions of law, and
none were filed.  A complete reporters
record has been provided. 

            In
considering the appropriate standard of review, we must presume the trial court
found all fact questions in support of its judgment and must affirm that
judgment on any legal theory supported by the pleadings and the evidence.  IKB
Indus. (Nigeria) Ltd. v. Pro-Line Corp.,
938 S.W.2d 440, 445 (Tex. 1997). 
When a reporters record has been provided, the implied findings may be
challenged for legal and factual insufficiency the same as jury findings or a
trial courts findings of fact.  Roberson v. Robinson, 768 S.W.2d 280,
281 (Tex. 1989); Johnson v. Oliver,
250 S.W.3d 182, 186 (Tex. App.Dallas 2008, no pet.).  When making a legal sufficiency
determination, we consider only the evidence most favorable to the implied
findings of fact and disregard all contradictory evidence.  Burnett
v. Motyka, 610 S.W.2d 735, 736 (Tex. 1980) (per curiam); Advanced Messaging Wireless, Inc. v. Campus
Design, Inc., 190 S.W.3d 66, 69 (Tex. App.Amarillo 2005, no pet.).  In considering the factual sufficiency of the
evidence to support the implied findings, we consider all the evidence,
including any evidence contrary to the courts judgment.  Advanced
Messaging Wireless, 190 S.W.3d at
69.

            A trial courts
division of the marital estate is reviewed under an abuse of discretion
standard.  Boyd v. Boyd, 131 S.W.3d 605, 610 (Tex. App.Fort Worth 2004, no
pet.).  A trial court is charged with
dividing the community estate in a just and right manner, considering the
rights of both parties.  See Tex.
Fam. Code Ann. § 7.001 (Vernon 2006). 
A trial courts division of property may therefore not be disturbed on
appeal unless the complaining party demonstrates from evidence in the record
that the division was so unjust and unfair as to constitute an abuse of
discretion.  Boyd, 131 S.W.3d at 610. 
Under this abuse of discretion standard, the legal and factual
sufficiency of the evidence are not independent grounds of error, but are
merely relevant factors in assessing whether the trial court abused its
discretion.  In re Marriage of Driver, 895 S.W.2d 875, 877 (Tex. App.Texarkana
1995, no writ).  To determine whether
there has been an abuse of discretion because the evidence is legally or
factually insufficient to support the trial courts decision, we first
determine whether the trial court had sufficient evidence upon which to
exercise its discretion, and then determine whether the trial court erred in
the application of that discretion.  Boyd, 131 S.W.3d at 611.  The applicable sufficiency review comes into
play with regard to the first question.  Id.

            In this case, the
trial court ordered that the Rule 11 agreement was enforceable as a contract
and incorporated the terms of that agreement into the decree of divorce, and
was permitted to so order.  Clanin v. Clanin, 918 S.W.2d 673, 677
(Tex. App.Fort Worth 1996, no pet.) (court may divide community estate by
incorporating parties property settlement agreement in decree). 

            At
issue here is the addition of the following orders in the final decree:  (1) the payment by David of an arrearage of
temporary spousal support in the amount of $36,900.00; (2) the payment by David
of eighty percent of the estimated community IRS tax debt in the amount of
$123,000.00, and the payment by Kandy of twenty percent of said debt;[8]
and (3) the payment by David of spousal support in the amount of $36,000.00 at
the rate of $1,000.00 per month.

            A.         Judgment for Arrearage

            Pursuant
to the terms of the Rule 11 agreement, David was to pay Kandy $4,000.00 per
month as temporary support, until a final decree of divorce was entered.  The Rule 11 agreement was signed and filed in
August 2008, and the final decree of divorce was entered in August 2009.  Kandys uncontested testimony established
that temporary support payments of $52,000.00 should have been paid through
August 2009.  Kandys uncontested
testimony further established that only $15,100.00 in temporary support
payments were made through that date, leaving an arrearage of $36,900.00.  The trial court had sufficient evidence upon
which to render judgment for the arrearage of temporary support, and did not
abuse its discretion in doing so.

            B.         The IRS Debt

            The Rule 11 agreement
made neither mention of, nor provision for, the payment of the $123,000.00
community debt to the IRS.  The court set
forth the Rule 11 agreement, to the extent as made, in the decree.  Because the agreement did not address the
issue of the IRS debt, the court was free to address that issue in the
decree.  See id. at 67778. 

            David
relies on Ames v. Ames, 860 S.W.2d
590 (Tex. App.Amarillo 1993, no writ), in support of his contention that the
final decree should contain only those specific provisions set forth in the
Rule 11 agreement.  Certain provisions of
the Ames divorce decree expanded upon provisions of the settlement agreement,
while some provisions of the agreement were missing from the decree.  The court determined that in a judgment by
consent, the court has no power to supply terms, provisions, or essential
details not previously agreed to by the parties.  Id.
at 593 (citing Matthews v. Looney, 132
Tex. 313, 317, 123 S.W.2d 871, 872 (1939)). 


            Ames is distinguished from the present
case because it involved a mediated settlement agreement reached pursuant to
alternative dispute resolution procedures described in Chapter 154 of the Texas
Civil Practice and Remedies Code.[9]
Further, the judgment rendered in Ames
was a consent judgment.  In order for a
consent judgment to be valid, the parties must have definitely agreed to all
the terms of the agreement.  Nothing
should be left for the court to provide.  Id. (citing
Vineyard v. Wilson, 597 S.W.2d 21, 23
(Tex. App.Dallas 1980, no writ)).  We
further recognize that a trial court has no authority to enter a judgment that
varies the terms of a mediated settlement agreement under the Texas Family
Code.  In re Marriage of Joyner, 196 S.W.3d 883, 89091 (Tex. App.Texarkana
2006, pet. denied) (agreement formed under Sections 6.062 and 153.0071 of Texas
Family Code binds parties to agreement and judgment should be entered on agreement).  

            In
the present case, however, the final decree of divorce was neither a consent
judgment as in Ames and Looney, nor was it a mediated settlement
agreement under the Texas Civil Practice and Remedies Code or the Texas Family
Code.  The authority upon which David
relies for the proposition that the trial court erred as a matter of law in
making additional awards to Kandy is not on point.

            This
case involves a valid, albeit noncomprehensive, Rule 11 agreement.  In a contested hearing, the court heard
testimony regarding items not addressed in the agreement, including the
community IRS liability, the arrearage on temporary support, and the facts
underlying the request for spousal maintenance. 
While Kandy and David resolved the majority of the property division issues
prior to the hearing, the issues upon which the court heard testimony were in
dispute.  If a Rule 11 agreement fails to
dispose of all issues, a trial court must nevertheless dispose of all issues
properly before it.  See Clanin, 918 S.W.2d at
67778.  Rule 11 agreements are used to
resolve various procedural or substantive matters many times without attempting
to dispose of the entire case.  See Exito Elecs. Co. v. Trejo, 142
S.W.3d 302, 304 (Tex. 2004) (extending deadline for filing of initial responsive
pleading).  

            At
trial, the court considered evidence relating to the marital assets and
debts.  The court also considered
evidence that while Kandy encouraged David to file income tax returns during
the marriage, he refused to do so.  The
testimony showed that while Kandy filed individual income tax returns during
her brief and sporadic periods of employment, she was not privy to all
information necessary to file income tax returns for Davids income.  This was a point of contention during the
marriage.  

            The
court also considered evidence of both Davids and Kandys employment
situations and potential earnings.  While
David was gainfully employed and possessed solid earning potential, Kandy was
not employed and did not work outside the home during most of the ten-year
marriage.  The courts division of the
community IRS debt was based upon sufficient evidence, and the division is not
manifestly unfair and unjust.  The trial
court did not abuse its discretion in the division of this debt.

            C.        Spousal Maintenance

            While the Rule 11 agreement
contained specific provisions for the payment of temporary maintenance, it neither
mentioned, nor did it address, the issue of spousal maintenance.  For the reasons stated above, the trial court
was obliged to address this issue in the final decree of divorce.[10]

            An
award of spousal maintenance is intended to provide temporary and
rehabilitative support for a spouse whose ability to support herself has eroded
over time while engaged in homemaking activities and whose capital assets are
insufficient to provide support.  Deltuva v. Deltuva, 113 S.W.3d 882, 888
(Tex. App.Dallas 2003, no pet.).  A
trial court may order maintenance if the duration of the marriage was ten years
or longer, the spouse seeking maintenance lacks sufficient property to provide
for his or her minimum reasonable needs, and cannot support himself or herself
due to (1) an incapacitating physical or mental disability, (2) a child in the
home with a disability requiring substantial care and supervision, or (3) the
lack of adequate earning ability.  Tex. Fam. Code Ann. § 8.051. 

            Determining
the spouses minimum reasonable needs is a fact-specific determination done on
a case-by-case basis.  Deltuva, 113 S.W.2d at 888 (citing Amos v. Amos, 79 S.W.3d 747, 749 (Tex.
App.Corpus Christi 2002, no pet.)).  A
trial courts award of spousal maintenance is subject to an abuse of discretion
review.  Brooks v. Brooks, 257 S.W.3d 418, 425 (Tex. App.Fort Worth 2008,
pet. denied) (citing Chafino v. Chafino,
228 S.W.3d 467, 474 (Tex. App.El Paso 2007, no pet.)).  The trial court may exercise its discretion
to award spousal maintenance if the party seeking maintenance meets those
eligibility requirements set forth in the statute.  Id. 

            The
evidence is undisputed that Kandy and David were married for the requisite ten
years.  Kandy testified that while
married to David, she was involved in a severe four-wheeler accident in which
her elbow was shattered.  While surgery
was performed on Kandys elbow, additional surgery is required.  The second surgery has not been scheduled
because Kandy does not have the money to pay for it.  Undisputed evidence indicates that not only
is the elbow injury painful, it limits Kandys ability to seek gainful
employment in an area where she has experience. 
Also undisputed is Kandys testimony that she worked very little during
the marriage.  At the time of the
hearing, David was gainfully employed, earning approximately $4,000.00 per
month.  Prior to that, David worked as an
oil field consultant making between $100,000.00 and $124,000.00 per year.  

            The
foregoing undisputed evidence establishes that Kandy had little work experience,
while David provided for the majority of the couples support during the
marriage, and remained gainfully employed at the time of the hearing.  Further, Kandy was unable to seek gainful
employment due to her physical impairment. 
This evidence is sufficient to permit the award of spousal
maintenance.  The trial court did not
abuse its discretion in rendering judgment for spousal maintenance in the
amount of $36,000.00, to be paid at a rate of $1,000.00 per month for a period
of thirty-six months. 

V.        Revocation of the Rule
11 Agreement 

            In his second
point of error, David contends that the trial court erred in adding new terms
and conditions to the Rule 11 agreement after Kandy revoked that agreement.  We find no merit in this contention.  David contends that either we have a Final
Judgment based on the Rule 11 Agreement or we do not.  But, clearly it is reversible error to hold
the Rule 11 Agreement as a Final Judgment to the parties AND adjudge additional
money judgments against the Appellant. 
He contends the Rule 11 agreement was either revoked by the unfiled
proposed agreed divorce decree in which case the Rule 11 agreement should not
be considered or the divorce terms must have been strictly in accordance with
the Rule 11 agreement.  The proposed
divorce decree signed by the parties was never filed with the court and it
cannot be considered a revocation of the Rule 11 agreement.  Further, the proposed divorce decree
purported to present an agreed or consent judgment to the court which can be
revoked by either party before the judgment is entered.  Quintero
v. Jim Walter Homes, Inc., 654 S.W.2d 442, 444 (Tex. 1983).  Kandy and David each testified that when
David lost his job and was temporarily unemployed, David indicated his
inability to abide by the terms of the agreed final decree; hence, the divorce
was not pursued on that basis, it was not submitted to the court and Kandy
withdrew her consent.  While the evidence
suggests there was a discussion of modifying the Rule 11 agreement, such
modification was not accomplished.[11] 

            We
have previously explained that the trial court was not only authorized to
divide the remaining estate, but in fact was obligated to do so.  Tex.
Fam. Code Ann. § 7.001 (court shall order division of estate of parties
in a manner that court deems just and right).  We disagree that the only choice of the trial
court was to either enforce the Rule 11 agreement without addressing the other
marital issues or to declare the Rule 11 agreement invalid.  Here, the trial court honored the Rule 11 agreement
as to all matters it covered. 

            David
relies on the case of Samples
Exterminators v. Samples, 640 S.W.2d 873 (Tex. 1982) (per curiam), in
support of his contention that the trial court erred as a matter of law by
enforcing the Rule 11 agreement.  Samples recognizes that when a party
revokes his or her consent to settle a case prior to entry of a consent
judgment, a consent judgment entered in the face of such revocation is
void.  Id. at 87475; see also Giles v. Giles, 830 S.W.2d 232, 235
(Tex. App.Fort Worth 1992, no writ) (consent judgment cannot be rendered when
one party does not consent at time judgment actually rendered although that
party previously may have consented to agreement).  These cases do not support Davids
contention.  

            Here,
there was no revocation of the Rule 11 agreement, and a consent judgment was
not entered.  The trial court entered
judgment after a contested hearing on issues not addressed in the Rule 11 agreement.  The Rule 11 agreement was set forth at length
in the final decree.  Additional
provisions in the decree were not addressed in the Rule 11 agreement, and were
supported by the evidence.

            Accordingly,
we affirm the judgment of the trial court.

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          February
9, 2010

Date Decided:             February
23, 2010











[1]Kandy
and David have no children.





[2]David
was not represented by counsel, but met with Kandy and her attorney and signed
the agreement.  

 





[3]The
Rule 11 agreement provided that David was entitled to the exclusive use of the
marital residence pending eventual agreed sale of the residence with proceeds
to be divided equally between David and Kandy. 
After signing the agreement, Kandy and David signed the proposed decree
that David could buy Kandys interest in the marital residence for a $15,000.00
down payment on a home for Kandy with additional payments of $2,500.00 each
month until the residence was paid in full. 






[4]Kandy
testified that she filed separate income tax returns accounting for the small
amount of income she earned during the marriage.  Davids alleged failure to file an income tax
return during the marriage was a point of contention, as David became angry
when Kandy tried to speak with him about it. 
Kandy was not aware of the amount of the IRS debt, and did not have
sufficient information to file an income tax return for Davids income.  

 





[5]While
David was not represented by counsel when he signed the Rule 11 agreement or
the agreed final decree of divorce, David was represented by counsel at the
divorce hearing.

 





[6]The
final decree divided the parties real and personal property in accordance with
the Rule 11 agreement.





[7]Kandy
testified that she wanted the agreement enforced.  





[8]David
fails to delineate the portions of the final decree of divorce he finds to be
objectionable; rather, he contends that the decree should have included only
the specific terms stated in the Rule 11 agreement. Accordingly, we review
those portions of the decree not included in the Rule 11 agreement to determine
whether there was an abuse of discretion in the inclusion of these additional
provisions.

 





[9]See Tex.
Civ. Prac. & Rem. Code Ann. §§ 154.001.073 (Vernon 2005 & Supp.
2009).





[10]Kandys
original petition for divorce and first amended original petition for divorce
both seek an award of spousal maintenance in accordance with Chapter 8 of the
Texas Family Code.  See Tex. Fam. Code Ann.
§ 8.051 (Vernon 2006).    





[11]Rule
11 of the Texas Rules of Civil Procedure requires that in order to enforce an
agreement made pursuant to the rule, the agreement must be in writing, signed
and filed with the papers as part of the record, unless made in open court and
entered of record.  Tex. R. Civ. P. 11.  To be enforced, a modification of a binding
Rule 11 agreement must also meet these criteria.  The agreed final decree of divorce was not
filed with the papers as part of the record and was not made in open court and
entered of record.  The decree was never
presented to the trial court and therefore never acted on or approved by the
trial court.