**Frances BOUFAISSAL, Appellant,**

v.

**Joseph BOUFAISSAL, Appellee.**

**No. 05–06–01285–CV.**

Court of Appeals of Texas, Dallas.

April 9, 2008.

Robert E. Holmes, Jr., Dallas, for appellant.

Michella Melton, Loughmiller & Puhl, L.L.P., McKinney, Georganna L. Simpson, Law Offices of Georganna L. Simpson, Dallas, for appellee.

Before Justices WHITTINGTON, WRIGHT, and FITZGERALD.

## OPINION

Opinion by Justice WHITTINGTON.

Frances Boufaissal (Wife) appeals from an agreed decree of divorce. In three issues, she contends (i) the trial judge erred in orally rendering judgment in the absence of a completed settlement agreement between the parties; (ii) the evidence was legally and factually insufficient to support the trial judge's oral rendition of judgment; and (iii) the trial judge erred in signing and entering the agreed decree of divorce because its terms varied materially from the parties' rule 11 settlement agreement. The dispositive issue in this appeal is whether, after approving and consenting to entry of the agreed divorce decree as to both form and substance, Wife may now raise the above issues on appeal. Because she cannot, we affirm.

After a prove-up hearing on June 5, 2006, Wife and Husband tendered an agreed decree of divorce to the trial judge for signature. The agreed decree recites the terms of the parties' divorce and property division and contains the following language:

> FRANCES BOUFAISSAL agrees to the terms of this Decree as evidenced by her signature and that of her attorney below.

> \*     \*     \*

> The parties entered into a Rule 11 Agreement on or about April 12, 2006 to settle the terms of their divorce. The Court finds the terms of that Rule 11 Agreement are memorialized in this Agreed Decree of Divorce.

> \*     \*     \*

> The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed. The Court finds that, at the time this suit was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

> \*     \*     \*

> The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party.

> \*     \*     \*

> The parties stipulate and the court finds that all assets and debts set forth in this AGREED FINAL DECREE OF DIVORCE represent the total and complete value, as of the date of entry by the court, of the assets and debts acquired during the parties' marriage.

> \*     \*     \*

> APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:

> /s/_____

> FRANCES BOUFAISSAL, Petitioner

> /s/_____

> JOSEPH BOUFAISSAL, Respondent

Relying on the evidence presented at the prove-up hearing and the signatures of the parties above, the trial judge signed and entered the agreed divorce decree on June 22, 2006.

A party cannot appeal from a judgment to which she has consented or agreed absent an allegation and proof of fraud, collusion, or misrepresentation. *Baw v. Baw,* 949 S.W.2d 764, 766 (Tex. App.-Dallas 1997, no writ); *Gillum v. Re-*

*public Health Corp.,* 778 S.W.2d 558, 562 (Tex.App.-Dallas 1989, no writ). A party's consent to the trial judge's entry of judgment waives any error, except for jurisdictional error, contained in the judgment, and that party has nothing to properly present for appellate review. *Gillum,* 778 S.W.2d at 562. The rationale of such a rule is that a party will not be allowed to complain on appeal of an action or ruling which she invited or induced. *Gillum,* 778 S.W.2d at 562.

█ Wife does not claim in her motion for new trial or on appeal that her approval and consent to the terms of the agreed divorce decree were obtained by fraud, collusion, or misrepresentation.[1] The trial judge signed the decree only after Wife specifically agreed that the terms of the decree memorialized the terms of the rule 11 settlement agreement, all residence and domicile requirements had been met, and the division of the parties' property was just and right. Because her signature signifies her approval and consent to the terms of the agreed decree as to both form and substance, Wife waived the complaints she now attempts to raise on appeal.

We affirm the agreed decree of divorce entered by the trial judge.

WRIGHT, J., dissenting.

Dissenting Opinion by Justice WRIGHT.

Wife appeals the terms of a property division in a decree of divorce. The majority holds that Wife has waived her complaints by entering into an agreed divorce decree. Because the trial court found a just and right division based upon the parties' settlement agreement and the decree awards property not covered by that agreement, I respectfully dissent.

The majority holds that Wife has waived her complaints because she consented to the divorce decree.[1] The majority relies upon a case out of this Court as support for its holding. *See Baw v. Baw,* 949 S.W.2d 764 (Tex.App.-Dallas 1997, no writ). *Baw* held that a party cannot appeal from a judgment to which he has consented absent an allegation of fraud, collusion, or misrepresentation. *Baw* is distinguishable. The parties in *Baw* agreed to the division of all property except the value of the community interest in the husband's profit-sharing retirement plan. *Id.* at 766. That issue was submitted to the trial court. The husband appealed the trial courts determination of the value. The wife argued that the husband waived his issue on appeal by consenting to the divorce decree. This Court held that no waiver occurred because the husband objected to the trial court's value determination at the hearing before the entry of the decree. By his objection, the husband had not given his unequivocal consent to the decree. *Id.* at 767. Unlike the facts of our case, *Baw* does not involve a separate settlement agreement upon which the trial court based its finding of a

---

1. Wife filed a motion for new trial alleging the terms of the agreed decree of divorce vary from the terms of the parties' rule 11 settlement agreement, but she does not raise the trial judge's denial of her motion for new trial as an issue on appeal. Thus, we do not consider evidence admitted at the motion for new trial hearing or the propriety of the trial judge's denial of her motion.

1. The majority states in its opinion that the trial judge approved and signed the decree *after* Wife specifically represented to the judge that the terms of the agreed decree memorialized the terms of the settlement agreement. I disagree with the majority's characterization of Wife's consent. The decree states that Wife agreed to the terms of the decree. Wife did not, however, represent to the trial court that the terms of the decree were the same as the terms of the settlement agreement.

just and right property division. As set forth below, the law does not allow parties to a divorce to sidestep the trial court's obligation to find that a subsequent property division is just and right simply by signing a consent decree that varies from the parties' original settlement agreement after the court has found the terms of the settlement agreement to be a just and right division of the parties' property and granted the divorce.

In a divorce action, the trial court must make a just and right division of the parties' community estate. TEX. FAM.CODE ANN. § 7.001 (Vernon 2006). The parties may enter into an agreement incident to divorce concerning the division of their property. TEX. FAM.CODE ANN. § 7.006(a) (Vernon 2006). An agreement incident to divorce cannot be revised or repudiated after rendition of the divorce. *Id.* If the trial court finds that the terms of the agreement are just and right, those terms are binding on the court. TEX. FAM.CODE ANN. § 7.006(b) (Vernon 2006). If the trial court finds that the terms of the agreement are not just and right, the court may request the parties to submit a revised agreement or set the case for a contested hearing. TEX. FAM.CODE ANN. § 7.006(c) (Vernon 2006). Section 7.006 contemplates that a trial court will conduct a contested hearing or trial in the absence of an agreed settlement. *Barnard v. Barnard,* 133 S.W.3d 782, 788 (Tex.App.-Fort Worth 2004, pet. denied).

By contrast to an agreement incident to divorce pursuant to section 7.006, a trial court may enter judgment on a binding *mediated* settlement agreement without a determination that its terms are just and right. *See* TEX. FAM.CODE ANN. § 6.602(a)-(c)(Vernon 2006); *In re Marriage of Joyner,* 196 S.W.3d 883, 889 (Tex.App.-Texarkana 2006, pet. denied). In the absence of a mediated settlement agreement, however, the trial court must find that a property division in a settlement agreement is a just and right division. Such a finding must be supported by evidence. *See Wilson v. Wilson,* 132 S.W.3d 533, 537 (Tex. App.-Houston [1st Dist.] 2004, pet. denied).

A final judgment founded upon a settlement agreement must be in strict compliance with the agreement. *Vickrey v. Am. Youth Camps, Inc.* 532 S.W.2d 292 (Tex. 1976); *McLendon v. McLendon,* 847 S.W.2d 601, 610 (Tex.App.-Dallas 1992, writ denied); *Vineyard v. Wilson,* 597 S.W.2d 21, 23 (Tex.Civ.App.-Dallas 1980, no writ); *In Matter of Marriage of Ames,* 860 S.W.2d 590, 594 (Tex.App.-Amarillo 1993, no writ). The trial court has no power to supply terms, provisions, or conditions not previously agreed to by the parties. *McLendon,* 847 S.W.2d at 610. If an appellate court determines that the decree contains terms and provisions dividing the community property that were never agreed to by the parties, it must reverse the judgment and remand the cause. *Ames,* 860 S.W.2d at 594. The court of appeals in *Ames* reversed a divorce decree based on a settlement agreement because it included provisions that were not contained in the settlement agreement. *Id.* at 592-93. As the court noted, the settlement agreement provided no evidence of the additional provisions and the trial court did not conduct a hearing on the additional provisions. *Id.* at 593.

The parties signed a settlement agreement on April 12, 2006 and filed it with the trial court. On June 5, 2006, the trial court conducted a prove-up hearing. Husband and Wife testified that they wanted the trial court to grant a divorce based upon their settlement agreement. At the conclusion of the hearing, the trial court granted the divorce and rendered judg-

ment.[2] Accordingly, the parties could not revise their agreement after that date. *See* TEX. FAM.CODE ANN. § 7.006(a) (Vernon 2006).

The trial court signed the divorce decree on June 22, 2006. Both Husband and Wife signed the decree, agreeing to both its form and substance. The divorce decree incorporated the parties' settlement agreement. The decree, however, also divides property that was not addressed in the parties' settlement agreement. Based on my review, the following items in the decree are not covered by the parties' settlement agreement:

H–4 The funds on deposit, together with accrued but unpaid interest, in the following banks, savings institutions, or other financial institutions:

\* \* \*

d. *Fidelity Account # XXXXX–5497 with the approximate balance of $0.03.*

v. *Fidelity Rollover IRA # XXXXXX–5078 with the approximate balance of $0.00.*

vi. *Fidelity Account # 74156 with the approximate balance of $0.00*

\* \* \*

H–5 The sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, pension plan, employee stock option plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the husband's past present, or future employment, *including but not limited to the following accounts, and unless express provision is made in this decree to the contrary:*

\* \* \*

d. *The entire value of the E\*Trade (Xilinx) stock plan # XXXX8934 with the approximate value of $101,086.22.*

\* \* \*

H–8 *The 2006 Hyundai motor vehicle, vehicle identification number KM8JN12DX6U351023, together with all prepaid insurance, keys, and title documents.*

In this case, the settlement agreement awards to Husband all E\*Trade financial accounts, However, the E\*Trade stock plan is not specifically mentioned in the settlement agreement. The divorce decree specifically awards to Husband E\*Trade financial account # XXXX–8934 with the approximate balance of $954.78 and the E\*Trade (Xilinx) stock plan with the approximate value of $101,086.22. In his brief, Husband argues that the award of the E\*Trade (Xilinx) stock plan is covered by the settlement agreement awarding to him all E\*Trade financial accounts. Because the E\*Trade financial account and

**2.** At the conclusion of the June 5, 2006 hearing on the motion to enter the divorce decree, the trial court stated as follows:

All right. The Court approves and adopts the agreements which have been dictated through testimony and through the property settlement agreement that's been filed with the Court as the Court's orders, and the Court *renders* judgment on that settlement agreement. That means it's a done deal. Neither party can back away from that agreement now.

The Court further finds, based upon the pleadings and the evidence, that the *divorce should be granted and it is granted.* The Court further finds that the agreement entered into between the parties is a just and right division of property. And I will sign a final decree of divorce upon presentation.

If Ms. Power will prepare the final decree and send it over to Ms. Melton for her approval as to form and have it back to me within 14 days, then I will sign it.

(Emphasis added)

the E*Trade Stock plan are identified separately in the divorce decree, but the E*Trade stock plan is not mentioned in the settlement agreement, I cannot agree. At the hearing on Wife's motion for new trial, her former trial counsel acknowledged that the divorce decree signed by the court covered bonuses, disability plans, stock options, retirement plans, profit sharing plans, and pension plans that were not covered in the parties' settlement agreement.

However, the trial court found the property division in the settlement agreement to be just and right and granted the divorce at the conclusion of the prove-up hearing on the settlement agreement. The E*Trade stock plan, among other items, was not part of the settlement agreement upon which the trial court rendered its judgment. The trial court did not conduct any further hearings before signing the divorce decree. The trial court did not hear any evidence concerning this property from which it could determine a just and right division of the additional property.

Moreover, in finding of fact number four, the trial court stated:

> The Court took into consideration the following factors in making a determination of a just and right division:
>
> a. Petitioner and Respondent voluntarily and on the advice of counsel, entered into a Rule 11 Agreement on April 12, 2006, settling all terms of the divorce.
>
> b. The court found that the terms of the Rule 11 Agreement were memorialized in the Agreed Final Decree of Divorce.

This finding reveals that the trial court considered only the parties' settlement agreement in making its just and right division. Thus, there was no evidence before the trial court to support a division contrary to or additional to the parties' settlement agreement without a new finding by the trial court that it was a just and right property division. The parties' signatures agreeing to both form and substance cannot dispense with the statutory requirement that the trial court find the property division just and right. In this case, the divorce decree is contrary to the trial court's finding on just and right division. For this reason, I would hold that the trial court abused its discretion in dividing property not covered by the parties' settlement agreement. I would sustain Wife's third issue, reverse the trial court's judgment, and remand this case to the trial court.