*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


## MEMORANDUM OPINION

No. 04-09-00222-CV

**IN THE INTEREST OF O.A.G.**, A Child

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2001-EM5-00125
Honorable Associate Judge Jim Rausch, Judge Presiding[1]

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed: April 14, 2010

AFFIRMED

Appellant Mark Gonzales appeals from an agreed Child Support Review Order ("CSRO"),

modifying his medical support obligations for O.A.G. On appeal, he appears to contend he was

misled and misinformed with regard to his signing of the agreed order. We affirm.

Pursuant to an April 2005 CSRO, Gonzales was required to maintain health insurance

through his employer for the benefit of his child, O.A.G. Subsequently, Gonzales was apparently

unable to provide the required insurance. Accordingly, on February 6, 2009, the Texas Attorney

General's Office convened a conference with the parents of O.A.G., Gonzales and Stephanie

---

[1] The presiding judge of the 224th Judicial District Court is the Honorable Gloria Saldana. However, the order that is being appealed was signed by Associate Judge Jim Rausch.

Hernandez, to negotiate a modification of a 2005 child support order with regard to health insurance for the benefit of O.A.G.[2] *See* TEX. FAM. CODE ANN. § 233.009(c), (d) (Vernon 2008) (providing for scheduling of a negotiation conference to modify existing child support order). The record reflects that on the day of the conference, Gonzales completed a "Health Insurance Availability Form" on which he indicated he presently had no health insurance or benefits covering O.A.G., but had access to private health insurance and insurance from another source. Hernandez also completed a "Health Insurance Availability Form," indicating she had private health insurance coverage for O.A.G. through her employer at a cost of $221.00 per month.

The Child Support Officer presiding over the negotiation conference drafted a CSRO, proposing that Hernandez maintain the employer-based private health insurance for the benefit of O.A.G., and proposing that the April 2005 order be modified to require Gonzales to pay Hernandez $221.00 per month to cover the cost of the health insurance premiums charged to Hernandez by her employer for the benefit of O.A.G. On the front page of the CSRO, boxes stating that each parent had appeared at the conference and that both agreed to the entry of the CSRO, as indicated by their signatures, were checked off. Gonzales and Hernandez signed the CSRO. Gonzales also signed a notarized "Waiver of Service, Hearing, and Other Rights and Approval of Child Support Review Order." That document contained the following language, set forth in bold, all caps typeface:

> **I ACKNOWLEDGE THAT I HAVE READ AND UNDERSTAND THIS CHILD SUPPORT REVIEW ORDER. I UNDERSTAND THAT IF I SIGN THIS ORDER, IT WILL BE CONFIRMED BY THE COURT WITHOUT FURTHER NOTICE TO ME. I KNOW THAT I HAVE A RIGHT TO**

---

[2] The purpose of the negotiation conference and the other procedures outlined in Chapter 233 of the Texas Family Code is to allow Title IV-D agencies, such as the Attorney General's Office, "to take expedited administrative actions to establish, modify, and enforce child support and medical support obligations, to determine parentage, or to take any other action authorized or required under Part D, Title IV, of the federal Social Security Act (42 U.S.C. Section 651 et seq.), and Chapter 231." TEX. FAM. CODE ANN. § 233.001(a) (Vernon 2008).

**REQUEST THAT A COURT RECONSIDER THE ORDER BY FILING A MOTION FOR NEW TRIAL AT ANY TIME BEFORE THE 30TH DAY AFTER THE DATE OF THE CONFIRMATION OF THE ORDER BY THE COURT. I KNOW THAT IF I DO NOT OBEY THE TERMS OF THIS ORDER I MAY BE HELD IN CONTEMPT OF COURT.**

On February 12, 2009, the associate judge signed the agreed CSRO. Gonzales filed a timely notice of appeal, on which he noted he did not agree with the CSRO.

Gonzales, who appears pro se on appeal, seems to contend he did not agree to the order, and was misinformed and misled with regard to his right not to agree or sign the order. However, as a general rule, a party cannot appeal from a judgment to which he has consented or agreed absent an allegation and proof of fraud, collusion, or misrepresentation.[3] *Authorlee v. Tuboscope Vetco Int'l, Inc.*, 274 S.W.3d 111, 119 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *Boufaissal v. Boufaissal*, 251 S.W.3d 160, 162 (Tex. App.—Dallas 2008, no pet.); *Bexar County Dist. Attorney's Office v. Mayo*, 773 S.W.2d 642, 644 (Tex. App.—San Antonio 1989, no writ). Although Gonzales asserts there were misrepresentations with regard to his signing of the CSRO, he has not provided any proof to support his allegations. There was no record of the negotiation conference at which Gonzales contends the alleged misrepresentations occurred. *See* TEX. FAM. CODE ANN. § 233.014 (stating that documentary evidence relied on by child support review officer is sufficient record of proceeding, and agency is not required to make any other record or transcript of negotiation conference). Accordingly, in the absence of a record from the negotiation conference establishing his allegations, Gonzales needed to file a motion for new trial and provide the trial court with

---

[3] The exception to the waiver rule for agreed judgments is jurisdictional error, which cannot be waived. *See In re A.M.S.*, 277 S.W.3d 92, 99 (Tex. App.—Texarkana 2009, no pet.); *Chang v. Linh Nguyen*, 81 S.W.3d 314, 316 n.1 (Tex. App.—Houston [14th Dist.] 2001, no pet.). However, none of the issues raised by Gonzales in this case are jurisdictional.

evidence of the alleged misrepresentations. *See* TEX. R. CIV. P. 324(b) (stating motion for new trial is prerequisite to appellate complaint on which evidence must be heard); TEX. R. APP. P. 21.2 (stating motion for new trial is prerequisite to complaint on appeal when necessary to adduce facts not in record). Moreover, Gonzales was specifically informed in the CSRO he signed that the order would be confirmed by the court, and he had thirty days to file a motion for new trial to request reconsideration. Gonzales did not file a motion for new trial.

In the absence of any evidence supporting his allegations, Gonzales has waived his right to pursue the complaints asserted in this appeal. We therefore overrule his issues and affirm the trial court's judgment.

Marialyn Barnard, Justice