

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-19-00040-CV

___

IN THE INTEREST OF D.J., A CHILD

___

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 80596-D, Honorable Don Emerson, Presiding

___

February 28, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

"Flo" appeals her dismissal as a conservator following a bench trial that also resulted in a judgment terminating the parent-child relationship between D.J. and his parents.[1] Appointed counsel for Flo has filed an *Anders*[2] brief in support of a motion to

___

[1] To protect the privacy of the parties involved, we will refer to the maternal grandmother of the child as Flo, the maternal grandfather as Jim, the mother of the child as M.J., the father of the child as J.C., and the child as D.J. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2018); TEX. R. APP. P. 9.8(b).

[2] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

withdraw.  Finding no arguable grounds for appeal, we affirm the judgment of the trial court.[3]

## Factual and Procedural Background

D.J.'s mother is M.J. and his father is J.C.  In 2012, the maternal grandparents of D.J., Jim and Flo, were appointed D.J.'s managing conservators.  D.J. has lived with Jim and Flo most of his life.

The Department of Family and Protective Services became involved with nine-year-old D.J. in March of 2017, because of concerns of physical abuse, sexual abuse, and drug use by Jim and Flo.  There were also concerns about M.J.'s drug use because she was in and out of the home.  The Department's investigator interviewed D.J. at the Children's Advocacy Center.  D.J. detailed physical and verbal abuse as well as drug use within the home by his grandparents and his mother.  D.J. has "a lot of knowledge" of drugs for a nine year old.  According to D.J., his mother smokes marijuana and uses crack and cocaine.  He described the "specific pipe that his mom smokes the marijuana in." D.J. also stated his grandmother hit him on his ear resulting in a "ringing sound" after she hit him.

Flo admitted to the investigator that she hit D.J. in the ear and that she and Jim use cocaine.  Flo stated that she snorts cocaine provided by Jim "about three times a month."  Flo said when she gets angry with D.J. she hits him and calls him names.

---

[3] Jim also appealed his dismissal as a conservator.  Jim's appeal was resolved in cause number 07-18-00386-CV.  M.J. and J.C. did not appeal the judgment terminating their parental rights.

2

According to Flo, "[D.J.] is a bad kid and she does not know what else to do with him." Flo has heard Jim tell D.J. he was "born to be hit" and Jim also calls D.J. names.

On March 16, 2017, the Department filed a petition seeking a modification of conservatorship and termination of parental rights. Following an adversary hearing, the judge found, in part, that it was contrary to the welfare of D.J. to reside in the home of Jim and Flo, and the Department was appointed temporary managing conservator of D.J. Jim and Flo agreed to the temporary order and signed it. D.J. was placed temporarily with his paternal grandmother in Amarillo.

D.J.'s placement with his paternal grandmother was short-lived due to D.J.'s aggressive behavior. D.J. was moved to an emergency youth shelter in Richmond, Texas, then he was placed in a residential treatment center. As soon as his behavior stabilized, D.J. was placed with his great aunt, Flo's sister, in Austin, Texas. D.J. is flourishing in his placement with his aunt. He is doing well in school. Since D.J. was placed with his aunt, his level of care has changed from specialized to moderate, and his disrupting behaviors have decreased. D.J.'s aunt is interested in adopting him. Jim and Flo are bonded with D.J. and maintained telephone contact with him after he was placed in Austin. According to the caseworker, appointing the Department as permanent managing conservator pending an adoption by his aunt is in the best interest of D.J.

The court held the final hearing on September 5, 2018. At the beginning of the hearing, counsel for the Department announced that an agreement had been reached between the Department and the maternal grandparents, whereby Jim and Flo agreed to be dismissed as conservators of D.J. The attorney ad litem announced that if the court

terminated the parents' rights, the Department should be named permanent managing conservator and D.J.'s placement with his aunt should be continued. The attorney ad litem also recommended that Jim and Flo have supervised visits with D.J. until he is adopted.

After the Department presented evidence in support of termination, Jim and Flo both testified that it was in D.J.'s best interest that they be removed as conservators.

The court terminated M.J.'s and J.C.'s parental rights finding one or more statutory predicate grounds and that termination was in the best interest of D.J. *See* TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2018).[4] The court also dismissed Jim and Flo as conservators but found it is in D.J.'s interest to have "post-termination access." The Department was named the permanent managing conservator of D.J. pending adoption by his aunt.

Analysis

Pursuant to *Anders*, Flo's court-appointed appellate counsel has filed a brief certifying that she has diligently searched the record and has concluded that the record reflects no arguably reversible error that would support an appeal. *In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file

---

[4] Further references to provisions of the Texas Family Code will be by reference to "section __" or "§ __."

4

an *Anders*-type brief"); *In re L.J.*, No. 07-14-00319-CV, 2015 Tex. App. LEXIS 427, at *2-3 (Tex. App.—Amarillo Jan. 15, 2015, no pet.) (mem. op.) (same).

Counsel certifies that she has diligently researched the law applicable to the facts and issues and discusses why, in her professional opinion, the appeal is frivolous. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998) (orig. proceeding). Counsel has complied with the requirements of *Anders* by providing a copy of the brief, motion to withdraw, and appellate record to Flo, and notifying her of her right to file a pro se response if she desired to do so. *Id.*; *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re L.V.*, No. 07-15-00315-CV, 2015 Tex. App. LEXIS 11607, at *2-3 (Tex. App.—Amarillo Nov. 9, 2015) (order) (per curiam). Flo has not filed a response.

Conservatorship decisions are governed by a preponderance of the evidence standard. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007). Conservatorship determinations are subject to review only for an abuse of discretion, and we will reverse only if the decision is arbitrary and unreasonable. *Id.* A court acts within its discretion as long as there is "some evidence of a substantive and probative character" to support its decision on conservatorship. *In re K.S.*, 492 S.W.3d 419, 426 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). If a court terminates the parent-child relationship with respect to both parents or to the only living parent, the court shall appoint "a suitable, competent adult," the Department, or a licensed child-placing agency as managing conservator of the child. § 161.207(a) (West Supp. 2018). The primary consideration in determining conservatorship is always the best interest of the child. § 153.002 (West 2014).

5

A party cannot appeal from a judgment to which it has consented or agreed absent an allegation and proof of fraud, collusion, or misrepresentation. *In re T.G.,* No. 09-16-00250-CV, 2016 Tex. App. LEXIS 12996, at *10 (Tex. App.—Beaumont Dec. 8, 2016, no pet.) (mem. op.). A party who consents to a trial court's entry of judgment waives any error in the judgment except jurisdictional error, and that party has nothing to properly present for appellate review. *Baw v. Baw,* 949 S.W.2d 764, 766 (Tex. App.—Dallas 1997, no pet.). The rationale of such a rule is that a party will not be allowed to complain on appeal of an action or ruling which he invited or induced. *Boufaissal v. Boufaissal*, 251 S.W.3d 160, 162 (Tex. App.—Dallas 2008, no pet.).

By her *Anders* brief, counsel concludes that reversible error is not present because sufficient evidence supports the court's decision to dismiss Flo as a conservator. We agree. Flo testified that it was in D.J.'s best interest that she be removed as a conservator and that D.J. be adopted by his aunt. Flo agreed that D.J.'s personality and attitude had been "really good" since he was placed with his aunt. Further, Flo makes no allegation or presents any evidence of any fraud, collusion, or misrepresentation in the agreement announced by the Department. *See In re T.G.*, 2016 Tex. App. LEXIS 12996, at *10. There was no evidence presented at trial to establish appointment of another suitable, competent adult as conservator of D.J. other than the Department. *See* § 161.207(a). We conclude that the court's decision to dismiss Flo as a conservator was neither arbitrary or unreasonable given the evidence surrounding D.J.'s removal from Flo's care and the remarkable improvement that D.J. has shown since he was placed with his aunt.

As in a criminal case, we have independently examined the entire record to determine whether there is a non-frivolous issue that might support the appeal. *See*

*Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Based on this record, we conclude that the court did not abuse its discretion in removing Flo as a conservator, and that decision is in the best interest of D.J. After reviewing the record and the *Anders* brief, we agree with counsel that there are no plausible grounds for reversal.

Accordingly, the trial court's order dismissing Flo as a managing conservator is affirmed.[5]

Judy C. Parker
Justice

---

[5] We call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review. Counsel has filed a motion to withdraw, on which we will take no action. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).