**AFFIRMED; Opinion Filed April 4, 2019.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

_____

**No. 05-18-00887-CV**

_____

## IN THE INTEREST OF J.Z.B. AND M.M.B., CHILDREN

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-14-12689-T**

# MEMORANDUM OPINION

Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Carlyle

In this suit affecting the parent–child relationship, Mother, proceeding pro se, appeals the trial court's final order regarding her two children with Father ("the children"). Mother challenges the order's provisions addressing child support, visitation, and her right to designate the children's primary residence. We affirm.

## I. FACTUAL AND PROCEDURAL CONTEXT

The Office of the Attorney General of Texas filed this case in July 2014, seeking determinations on conservatorship and support issues respecting the children.[1] Following a hearing at which Father appeared and Mother did not, the trial court signed a February 2015 order requiring Father to pay medical and child support.

---

[1] Both Father and Mother proceeded pro se in the trial court. Father has not filed a brief in this Court.

In December 2016, Father filed a motion to modify the parent–child relationship. Mother filed a general denial answer and a "motion to modify temporary orders." At a hearing on both motions, Father, Mother, and the OAG appeared.

During the hearing, Mother testified she and Father had "reached an agreement about custody, visitation, and child support" as follows: (1) she and Father will be joint managing conservators of the children; (2) she will be "the parent who determines where the children live"; (3) the children's visitation with Father will be every Saturday, with exchanges taking place at a local restaurant; and (4) Father is to pay no child support. Also, Mother stated the agreement respecting child support is in the children's best interest because Father "has no job" and "it's not going to do any good to put [Father] in jail." Father testified he was "in agreement with" Mother being "the parent who determines the residence of the children within Dallas County or any county that touches Dallas County" and the other terms described above. The trial court stated it would "render judgment on all of the elements that [Father and Mother] are in agreement on."

The trial court's final order appointed Father and Mother joint managing conservators, gave Mother "the exclusive right to designate the primary residence of the children and maintain the children's primary residence in DALLAS or any contiguous county," allowed for Father's visitation on Saturdays with exchanges taking place as described above, and provided that Father would pay no child support. Mother timely appealed.

## II. MOTHER'S ISSUES

We construe Mother's appellate brief to assert three issues: (1) she does not "agree with [Father] having to pay no child support"; (2) she is "having problems in visitations with [Father]"; and (3) she is unable to "go to any other state to raise my children if I decided to do so."

Mother testified at the hearing that she and Father had "reached an agreement" on the matters pertinent to her appellate complaints. She did not revoke that agreement during the hearing

or assert any objection in the trial court to the terms described at the hearing respecting those matters. Nor has she alleged fraud, collusion, or misrepresentation. A party cannot appeal from a judgment to which she has consented or agreed absent an allegation and proof of fraud, collusion, or misrepresentation. *Boufaissal v. Boufaissal*, 251 S.W.3d 160, 161–62 (Tex. App.—Dallas 2008, no pet.) (citing *Baw v. Baw*, 949 S.W.2d 764, 766 (Tex. App.—Dallas 1997, no writ); *Gillum v. Republic Health Corp.*, 778 S.W.2d 558, 562 (Tex. App.—Dallas 1989, no writ)). A party's consent to the trial judge's entry of judgment waives any error, except for jurisdictional error, contained in the judgment, and that party has nothing to properly present for appellate review. *Id*. "The rationale of such a rule is that a party will not be allowed to complain on appeal of an action or ruling which she invited or induced." *Id*.; *see also In re D.J.*, No. 07-18-00386-CV, 2019 WL 946919, at *3 (Tex. App.—Amarillo Feb. 26, 2019, no pet.) (mem. op.) (party waived challenge to conservatorship terms by agreeing to terms during hearing); *In re T.G.*, No. 09-16-00250-CV, 2016 WL 7157242, at *4 (Tex. App.—Beaumont Dec. 8, 2016, no pet.) (mem. op.) (by agreeing to terms of SAPCR order during hearing, mother waived error respecting those terms). Further, as a prerequisite to presenting a complaint for appellate review, the record must show the complaint was made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *see Pagare v. Pagare*, 344 S.W.3d 575, 582 (Tex. App.—Dallas 2011, pet. denied) (father failed to preserve issue respecting child support where he did not object to trial court's oral rendition at hearing or file motion for new trial); *London v. London*, 94 S.W.3d 139, 151 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (mother waived issue asserting trial court erred by restricting children's primary residence to one county, where she failed to raise argument orally or in writing to trial court).

We conclude Mother has waived any error as to the agreed terms. *See Boufaissal*, 251 S.W.3d at 161–62; *In re D.J.*, 2019 WL 946919, at *3; *In re T.G.*, 2016 WL 7157242, at *4.

Further, Mother has not preserved her complaints for this Court's review. *See* TEX. R. APP. P. 33.1(a)(1); *Pagare*, 344 S.W.3d at 582; *London*, 94 S.W.3d at 151.

### III. CONCLUSION

We decide Mother's issues against her and affirm the trial court's order.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

180887F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

IN THE INTEREST OF J.Z.B. AND
M.M.B., CHILDREN

No. 05-18-00887-CV

On Appeal from the 301st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-14-12689-T.
Opinion delivered by Justice Carlyle,
Justices Bridges and Partida-Kipness
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of April, 2019.