# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00860-CV

---

**Michael Anthony Carter, Appellant**

**v.**

**Stephanie Laureen Berman, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY
NO. 18-2979-FC3, THE HONORABLE DOUG ARNOLD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

In the underlying proceedings, the county court at law rendered a final divorce decree, which, among other things, dissolved Michael Carter and Stephanie Berman's common law marriage with no children, divided their marital estate, denied Carter's request for spousal maintenance, and contained a Decree Acknowledgment section, which stated:

> Petitioner, Michael Anthony Carter, and Respondent, Stephanie Laureen Berman, each acknowledge that before signing this Final Decree of Divorce they have read this Final Decree of Divorce fully and completely, have had the opportunity to ask any questions regarding the same, and fully understand that the contents of this Final Decree of Divorce constitute a full and complete resolution of this case. Petitioner and Respondent acknowledge that they have voluntarily affixed their signatures to this Final Decree of Divorce, believing this agreement to be a just and right division of the marital debt and assets, and state that they have not signed by virtue of any coercion, any duress, or any agreement other than those specifically set forth in this Final Decree of Divorce.

Both parties' counsel signed the decree, approving as to form only, and Carter consented to the decree as to both form and substance[1] as follows:

APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:

_____
Michael Anthony Carter, Petitioner

_____
Stephanie Laureen Berman, Respondent

FINAL DECREE OF DIVORCE
IMMO CARTER AND BERMAN                                    PAGE 10 OF 10

---

[1] At the hearing on the motion to enter the final decree, the county court at law was presented with the divorce decree, and the following exchange occurred:

THE COURT: . . . So the clients aren't going to sign, just the attorneys, right?

[Berman's counsel]: That's right because it was rendered after a hearing so just the lawyers.

THE COURT: I see. All right. So both attorneys are okay if I sign it?

[Berman's counsel]: Yes, sir.

[Carter's counsel]: Judge, Mr. Carter wants to sign it.

THE COURT: He can sign if he wants. That's fine. And this incorporates the rulings I made?

[Berman's counsel]: It does.

[Carter's counsel]: Right.

. . .

THE COURT: . . . So I'm signing this. This completes the decree. There you go. Good luck.

2

Acting pro se on appeal, Carter raises two issues: (1) "Did the Court err in failing to grant Spousal Maintenance to the Appellant based on his documented disabilities and indigent status?" and (2) "Did the Court fail to divide the equity in the home in a fair and right fashion?"

"A party can appeal from a judgment to which [he] has consented if [he] alleges and proves fraud, collusion, or misrepresentation." *Kramer v. Kastleman*, No. 03-13-00133-CV, 2017 WL 5119211, at *6 (Tex. App.—Austin Nov. 3, 2017, pet. denied) (mem. op.) (citing *Hicks v. Hicks*, 348 S.W.3d 281, 289 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Boufaissal v. Boufaissal*, 251 S.W.3d 160, 161 (Tex. App.—Dallas 2008, no pet.)). But here, even construing his pro se appellate brief liberally, Carter has not alleged fraud, collusion, or misrepresentation.[2] By consenting to the decree, Carter waived any non-jurisdictional errors. *See Boufaissal*, 251 S.W.3d at 162 ("A party's consent to the trial judge's entry of judgment waives any error, except for jurisdictional error, contained in the judgment, and that party has nothing to properly present for appellate review."). We therefore overrule Carter's issues on appeal and affirm the final divorce decree.

_____
Melissa Goodwin, Justice

Before Justices Goodwin, Kelly, and Smith

Affirmed

Filed: July 15, 2021

---

[2] "Although we construe pro se briefs liberally, pro se appellants are held to the same standards as appellants represented by counsel to avoid giving them an unfair advantage." *Vaclavik v. Addison*, No. 03-19-00528-CV, 2021 WL 1704249, at *1 (Tex. App.—Austin Apr. 30, 2021, no pet. h.) (mem. op.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). Carter did not discuss the issue of his consent to the decree in his opening appellate brief, Berman raised the issue in her response brief, and Carter did not file a reply.